IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES OF MISSOURI FOUNDATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2:13-CV-04223 BP |
| GEORGE LOMBARDI, | ) ) ) | |
| Defendant. | ) | |

**MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)
AND MEMORANDUM IN SUPPORT**

CHRIS KOSTER
Attorney General


MICHAEL J. SPILLANE
Assistant Attorney General
Missouri Bar No. 40704
PO Box 899
Jefferson City, MO 65102
Phone: 573.751.0967
Fax: 573.751.3825
mike.spillane@ago.mo.gov
ATTORNEYS FOR RESPONDENT

TABLE OF CONTENTS

I. Summary of the Argument ................................................................................1

II. Section 546.720 RSMo facilitates prison administration by protecting the identities of execution team members while allowing the Director of the Missouri Department of Corrections to authorize the disclosure of execution team members' identities to necessary personnel ..................................................................................2

III. This Court does not have jurisdiction under Article III of the United States Constitution because Director Lombardi has not caused an injury in fact to Plaintiffs that this Court may redress by its decision.................................................................................4

IV. The State of Missouri is the real defendant in this suit and this Court therefore does not have jurisdiction under the Eleventh Amendment to the United States Constitution........................................8

V. The plaintiffs do not set out a plausible claim on which relief may be granted ..............................................................................10

    A. The plaintiffs must state a plausible claim to survive a motion to dismiss................................................................10

    B. The plaintiffs do not set out a plausible First Amendment claim against Director Lombardi..................................................11

    C. The plaintiffs do not set out a plausible Due Process Clause claim against Director Lombardi..................................................12

VI. Conclusion...................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 10, 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................... 10

*Benton v. Meryll Lynch and Co.*, 524 F.3d 866 (8th Cir. 2008) .......................... 10

*Dumbrowski v. Pfister*, 380 U.S. 479 (1965) ......................................................... 9

*Ex Parte Young*, 209 U.S. 123 (1908) .................................................................... 8

*Florida Star v. B.J.F.*, 491 U.S. 524 (1989 ............................................................. 7

*Floyd Gimon v. University of Arkansas for Medical Sciences*,
   716 F.2d 1141 (8th Cir. 2013) ............................................................................ 13

*Freedman v. Maryland*, 380 U.S. 51 (1965) ........................................................ 11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................. 5

*Middleton v. Missouri Dept. of Corrections*, 278 S.W.3d 193 (2009) ................... 3

*Murrell v. State*, 215 S.W.3d 96 (Mo. 2007) ........................................................ 13

*Okapalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) ............................................ 5, 8

*Ringo v. Lombardi*, 677 F.3d 793 (8th Cir. 2012) ................................................. 5

*Spencer v. Kemna*, 523 U.S. 1 (1998) .................................................................... 5

*Western Union Telegraph Co. v. Daniels*, 216 U.S. 165 (1910) ............................. 9

**Statutes**

Section 546.720 Mo. Rev. Stat. ................................................................... passim

Section 546.720.1 Mo. Rev. Stat. ........................................................................ 2

Section 546.720.2 Mo. Rev. Stat ................................................................... 2, 3, 9

Section 546.720.3 Mo. Rev. Stat ........................................................................ 2

Section 546.720.4 Mo. Rev. Stat ........................................................................ 2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 10

Federal Rule of Civil Procedure 8(a) .................................................................. 10

**Constitutional Provisions**

U.S. CONST. art. III ................................................................................ 1, 4, 5, 7

U.S. CONST. amend. XI ........................................................................... 1, 7, 8, 9

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

AMERICAN CIVIL LIBERTIES )
OF MISSOURI FOUNDATION, et al., )
)
        Plaintiffs, )
)
v. ) No. 2:13-CV-04223 BP
)
GEORGE LOMBARDI, )
)
        Defendant. )

**MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)
AND MEMORANDUM IN SUPPORT**

**I.   Summary of the Argument**

The plaintiffs allege that the Director of the Missouri Department of Corrections violates their rights to free speech and due process of law because § 546.720 Mo. Rev. Stat., which in reality facilitates prison administration by protecting the identities of execution team members while allowing the Director of the Missouri Department of Corrections to authorize the disclosure of execution team members' identities to necessary personnel, subjects them to possible tort liability to current or former members of the Missouri execution team if the plaintiffs publish the identity of current or former members of the team. But this Court has no jurisdiction under Article III of the United States Constitution because Director Lombardi has not caused an injury in fact to Plaintiffs that this Court may redress by its

decision. The Court also has no jurisdiction because the suit is in reality a suit against the State of Missouri barred by the Eleventh Amendment to the United States Constitution. Finally, the plaintiffs do not set out a plausible claim against the Director under the First Amendment or the Due Process Clause.

II. **Section 546.720 Mo. Rev. Stat. facilitates prison administration by protecting the identities of execution team members while allowing the Director of the Missouri Department of Corrections to authorize the disclosure of execution team members' identities to necessary personnel.**

Section 546.720.1 Mo. Rev. Stat. directs the Director of the Missouri Department of Corrections to provide a suitable place and the necessary appliances for carrying out executions by lethal gas or lethal injection. Section 546.720.2 Mo. Rev. Stat. requires the Director to select an execution team and provides that the identities of members of the execution team "shall be kept confidential." *Id.* The section also states that the identities of execution team members or former members are privileged from discovery by subpoena or other means of legal compulsion. Section 546.720.3 Mo. Rev. Stat. forbids persons, without the approval of the Director, to knowingly disclose the identities of execution team members or former execution team members or disclose a record knowing that it could identify a person as a current or former member of the execution team. *Id.* The section provides that a person whose identity is disclosed in violation of the section may sue

2

for damages. *Id.* Section 546.720.4 Mo. Rev. Stat. protects the professional licenses of execution team members from discipline. *Id.*

"When ascertaining the legislature's intent in statutory language, it commonly is understood that each word, clause, sentence, and section of a statute should be given meaning .... The corollary to this rule is that a court should not interpret a statute so as to render some phrases mere surplusage." *Middleton v. Missouri Dept. of Corrections*, 278 S.W.3d 193, 196 (Mo. 2009) (internal citations omitted). The Missouri Supreme Court using this analysis held that by providing part of the execution protocol is a closed record the General Assembly crafted § 546.720 Mo. Rev. Stat. with the intent that the execution protocol is not subject to notice and comment procedures that would defeat not making the entire protocol an open record. *Id.* at 197.

The same analysis applies to the direction in the statute that "the identities of members of the execution team shall be kept confidential." §546.720.2 Mo. Rev. Stat. That language cannot be read consistently with the Director of the Department of Corrections having the discretion to authorize the disclosure of the names of members of the execution team in a manner that would violate confidentiality such as, authorizing the mass distribution of the names on a website. Rather, the statute when read as a whole, as it must be under Missouri law, permits the Director to authorize disclosure to necessary personnel who are themselves bound by confidentiality under the

3

statute. Authorized disclosures to appropriate personnel are not subject to civil suit. But execution team members may sue for damages if they are injured by an unauthorized disclosure that violates confidentiality.

### III. This Court does not have jurisdiction under Article III of the United States Constitution because Director Lombardi has not caused an injury in fact to Plaintiffs that this Court may redress by its decision.

In Count I of their complaint, Plaintiffs allege: 1) that § 546.720 Mo. Rev. Stat. unconstitutionally restricts speech and press activities; 2) is a content based restriction on speech and press activities; and 3) is a prior restraint on speech because it requires them to obtain the Director's approval to engage in protected speech, and gives the Director "unfettered discretion" to grant or deny their opportunity to speak (Habeas Petition at 8–9).

In Count II of their complaint, the plaintiffs allege that § 546.720 Mo. Rev. Stat. violates the Due Process Clause because the plaintiffs do not know the names of every current and former member of the execution team, the definition of execution team is broad and vague, and they believe the statute prohibits them from disclosing documents provided to them by the Department of Corrections and its employees (Complaint at 9). Plaintiffs ask, among other things, for a declaration that § 546.720 Mo. Rev. Stat. is unconstitutional as applied to them, and a permanent injunction and legal fees (Habeas Petition at 10). As injunctive relief the plaintiffs ask this Court

4

to order the Director to authorize them to disclose the identity of suppliers of execution drugs, and to disclose records, which could disclose the identity of members or former members of the execution team (Document 4, Memorandum in Support of Temporary Restraining Order and Preliminary Injunction at 11).

The irreducible constitutional minimum for a plaintiff to have standing to pursue a case in a federal court is that the plaintiff has suffered an injury in fact, fairly traceable to the challenged action of the defendant, and it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To be an injury in fact, an injury must be an invasion of a legally protected interest, which is concrete and particularized, and actual or imminent as opposed to conjectural or hypothetical. *Id.* at 560. The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 561; *see also Ringo v. Lombardi*, 677 F.3d 793, 793 (8th Cir. 2012) (dismissing declaratory judgment action challenging Missouri's execution protocol as not stating a live case or controversy when the injury alleged was speculative); *Spencer v. Kemna*, 523 U.S. 1, 14–16 (1998) (alleged consequences from parole revocation were only possibilities and were insufficient to create Article III jurisdiction); *Okapalobi v. Foster*, 244 F.3d 405, 423–429 (5th Cir. 2001) (en banc) (abortion providers had no Article III standing to sue state executive officials concerning the

5

constitutionality of a statute that made abortion providers liable for civil suits by patients damaged by abortions for, among other reasons, that there was an insufficient causal connection between the acts of the defendants and injuries that might be suffered from civil suits).

Section 546.720 Mo. Rev. Stat. does not give the Director power to authorize the disclosure of information in any way that would compromise the confidentiality of members of the execution team. Section 546.720 Mo. Rev. Stat. does not authorize the State of Missouri or any of its officials to prosecute criminal or civil charges against the plaintiffs. What § 546.720 Mo. Rev. Stat. does say is that members of the execution team may sue for damages, if they are injured by the unauthorized disclosure of their identities.

Any injuries the plaintiffs could suffer are contingent on a series of events that may never occur, and are not caused by the Director's actions. If the Plaintiffs know the identities of members of the execution team, *and if* the Plaintiffs reveal those identities, *and if* members of the execution team are damaged by the disclosure, *and if* the members of the execution team sue for the damages that the plaintiffs cause, then a controversy *may* exist between the plaintiffs and the damaged members of the execution team. The speculative chain of events necessary for an injury in fact to the plaintiffs to exist at some time in the future cannot support jurisdiction for a suit against

the Director now. Similarly, the Director is not the cause of any injury from litigation that may or may not occur at an unknown time. Any argument for causation is necessarily based on the plaintiffs' argument that the Director injures them or, more correctly, makes possible a future conjectural injury by not exercising discretion he does not really have under § 546.720 Mo. Rev. Stat. to violate the confidentiality of execution team members. There is no injury in fact as required by *Lujan*, *Ringo*, *Spencer*, *Okapalobi*, and similar cases, because the alleged injury is speculative and not caused by the Director. This Court therefore must dismiss the suit for lack of Article III jurisdiction. If and when the plaintiffs' actions lead to damage to an execution team member and that person or his survivors sue, then the plaintiffs may argue that they had a First Amendment right to cause that damage. *See Florida Star v. B.J.F.*, 491 U.S. 524 (1989) (newspaper successfully defended on First Amendment grounds suit brought by a rape victim whose identity was published by the newspaper). The plaintiffs in this case may not prevail in that future hypothetical suit by damaged execution team members because the personal safety of the execution team members may be an interest of sufficiently high order to permit a suit for damages. *See Id.* at 541. But that is not a question this Court now has jurisdiction to answer.

### IV. The State of Missouri is the real defendant in this suit and this Court therefore does not have jurisdiction under the Eleventh Amendment to the United States Constitution.

In *Ex Parte Young*, 209 U.S. 123, 156 (1908), the United States Supreme Court held that state officers may be sued to prevent enforcement of an unconstitutional state statute without violating the Eleventh Amendment, if these are officers who "are clothed with some duty with regard to the enforcement of the laws of the state, and who threaten or are about to commence proceedings either of a civil or criminal nature to enforce against parties affected by an unconstitutional act." The Court held "it is plain that that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Id.* at 157. The Court noted that the injury sought to be corrected is the threatened commencement of suit to enforce the unconstitutional statute. *Id.* at 158.

In *Okapalobi v. Foster*, 244 F.3d 405, 412–424 (5th Cir. 2001) (en banc), the United States Court of Appeals for the Fifth Circuit sitting en banc conducted detailed analysis of whether the Eleventh Amendment barred a suit against the Governor and Attorney General of Louisiana challenging the constitutionality of a statute that made abortion providers liable to suits for damages by their patients. The court of appeals held that *Young* and subsequent precedents require that for a suit against a state official to

8

survive Eleventh Amendment scrutiny requires "both a close connection between the official and the act, and the threatening or commencement of enforcement proceeding by the official." *Id.* at 415, *citing Western Union Telegraph Co. v. Daniels*, 216 U.S. 165 (1910) and *Dumbrowski v. Pfister*, 380 U.S. 479, 483 (1965). The court held that the suit was barred by the Eleventh Amendment because the state officials sued were neither charged with enforcing the statute nor intended to do so, as the statute was enforced by private tort actions. *Id.* at 416–424.

The only Defendant in this action, Director Lombardi, has no power to launch any type of enforcement action under § 546.720 Mo. Rev. Stat. against the plaintiffs. He also has no power to immunize the plaintiffs against private suits by execution team members by authorizing the plaintiffs to disclose members of the execution team to the general public, because § 546.720.2 Mo. Rev. Stat. requires him to keep the identities of members of the execution team confidential. This suit is therefore, in reality, a suit against the State of Missouri in violation of the sovereign immunity provided to Missouri by the Eleventh Amendment and this Court must dismiss the suit for lack of jurisdiction.

## V. The plaintiffs do not set out a plausible claim on which relief may be granted.

### A. The plaintiffs must state a plausible claim to survive a motion to dismiss.

A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint that fails to satisfy these requirements may be dismissed for failure to state a claim for which relief can be granted. Federal Rule of Civil Procedure 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Benton v. Meryll Lynch and Co.*, 524 F.3d 886, 870 (8th Cir. 2008).

B.  **The plaintiffs do not set out a plausible First Amendment claim against Director Lombardi.**

The thrust of the plaintiffs' Count I is that § 546.720 Mo. Rev. Stat. is a prior restraint by the Director of the Department of Corrections on the plaintiffs' right to speak and publish (Complaint at 8–9). It is not. A prior restraint of speech by an executive official, as opposed to an injunction by a judicial official, generally involves three things that are completely absent in this case. Those things are a registering or licensing system regulating speech, an official or officials with discretion to permit or deny speech, and some sort of state imposed sanction for failure to comply with system. *See e.g. Freedman v. Maryland*, 380 U.S. 51 (1965) (requirement that films be licensed by a censor who has discretion to grant or deny license, backed by a state law penalty for exhibiting a film without the proper license is a prior restraint).

Section 546.720 Mo. Rev. Stat. is not a system for licensing or regulating speech by the plaintiffs. The statute does not give the Director or anyone else power to authorize any disclosure of the identity of execution team members that would violate the confidentiality of the identity execution team members. Recognizing that some persons involved with executions must necessarily know the identity of team members, the statute permits the Director to authorize disclosure of the identities of team members consistent

11

with confidentiality. Finally, the statute does not authorize the State or any of its subdivisions to civilly or criminally prosecute the plaintiffs. The statute does say that execution team members can sue for damages if they are injured by an authorized disclosure of their identities. That is not a prior restraint of speech.

If the plaintiffs wish to publish the identities of execution members, neither the Director nor the statute stops them. But if the team members are killed, injured, or otherwise damaged because of the plaintiffs' actions, the plaintiffs may have to defend their actions in a tort suit filed by the team members or their survivors. The Defendant is not violating the plaintiffs' rights under the First Amendment by prior restraint or otherwise. The claim of a First Amendment violation against the Director is not a plausible claim under *Iqbal*, and this Court should dismiss the case for that reason as well.

### C. The plaintiffs do not set out a plausible Due Process Clause claim against Director Lombardi.

The plaintiffs allege that § 546.720 Mo. Rev. Stat. violates the Due Process Clause because it restricts their disclosure of records, knowing those records could identify current or former members of the execution team, but does not give them fair notice what records may be disclosed because they do not at this time know the identity of every current and former member of the execution team (Complaint at 9).

To prove a procedural Due Process Clause claim against Director Lombardi, the only defendant in this suit, the plaintiffs would need to prove that Director Lombardi is depriving them of life, liberty or property without due process of law. *See Floyd Gimon v. University of Arkansas for Medical Sciences*, 716 F.2d 1141, 1147 (8th Cir. 2013) (plaintiff must show defendant deprived her of a liberty interest in order to set out a Due Process Clause claim). Plaintiffs wish Director Lombardi, contrary to his duty under Missouri law, to authorize them to disclose the identities of the Missouri execution team in a way that would violate the confidentiality of those identities, in the hope such an authorization would immunize them from potential civil suits by the persons who are damaged by their actions. The plaintiffs have no plausible liberty interest in having the Director violate Missouri statutory law, and subject himself to tort liability, in order to potentially shield the Plaintiffs from their own actions. But that is what they are asking in reality.

Also, the statute is not unconstitutionally vague, and, in any event under Missouri law it must be construed in a manner that is constitutional if that is possible, which it is. *Murrell v. State*, 215 S.W.3d 96, 102 (Mo. 2007) (if a statute can be interpreted two ways: one constitutional, and one unconstitutional, Missouri courts shall adopt the constitutional construction). Therefore, under Missouri law, § 546.720 Mo. Rev. Stat. would have to be

13

construed in a way consistent with the First Amendment in any future tort litigation, and the plaintiffs could not be damaged by an unconstitutional reading of the statute. But it is not necessary to reach that level of analysis, because the named defendant has not violated the plaintiffs' rights. The Due Process Clause claim is not plausible under the *Iqbal* standard.

## VI. Conclusion

WHEREFORE for the foregoing reasons, Defendant prays that this Court dismiss the complaint.

CHRIS KOSTER
Attorney General

/s/ Michael J. Spillane

MICHAEL J. SPILLANE
Assistant Attorney General
Missouri Bar No. 40704
PO Box 899
Jefferson City, MO 65102
Phone: 573.751.0967
Fax: 573.751.3825
mike.spillane@ago.mo.gov

ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system on 12 November, 2013. This Court's electronic filing system should serve counsel for the plaintiffs listed below, as all are electronic filers.

Grant R. Doty
American Civil Liberties Union
Of Missouri Foundation
454 Whittier Street
St Louis MO 63108
Email: gdoty@aclu-mo.org

Anthony E. Rothert
American Civil Liberties Union
Of Missouri Foundation
454 Whittier Street
St Louis MO 63108
Email: trothert@aclu-mo.org

/s/ Michael J. Spillane
Michael J. Spillane
Assistant Attorney General